900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie JOHNSON, Petitioner-Appellant,
v.
Parker EVATT, Commissioner; T. Travis Medlock, Attorney
General of the State of South Carolina,
Respondents-Appellees.
 No. 89-6412.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 22, 1989.
Decided: April 4, 1990.
Rehearing and Rehearing In Banc Denied May 14, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (C/A-89-722)
 Willie Johnson, appellant pro se.
 Salley Wood Elliott, Assistant Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED AS MODIFIED.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willie Johnson, a South Carolina inmate, seeks a certificate of probable cause to appeal the district court's entry of summary judgment in favor of respondents on his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. In his petition Johnson contended that he is entitled to release because: (1) he was denied effective assistance of counsel in that (a) the South Carolina Supreme Court considered the merits of all but one issue raised in his brief, (b) counsel failed to object to the trial court's instruction relative to the punishments for murder and manslaughter, and (c) counsel erred in entering a document in court; (2) his conviction was obtained by an unconstitutional failure of the prosecution to disclose to petitioner evidence favorable to the defense; (3) the trial court erred when it denied petitioner's motion for a new trial after the lower court improperly charged the jury with regard to the relative punishments for the offenses of murder and manslaughter; (4) the trial court erred in defining reasonable doubt in its instruction to the jury; and (5) the trial court sentenced him to an excessive jail term. The district court granted summary judgment because Johnson had not exhausted claims (1)(a), (1)(c), and (5).* We affirm. We modify the judgment, however, to reflect that the dismissal is without prejudice.
 
 
 2
 If a petition for habeas corpus relief contains both exhausted and non-exhausted claims, the district court must dismiss the petition without prejudice to the petitioner's refiling his petition after all of the claims have been properly exhausted. 28 U.S.C. Sec. 2254(b) and (c); Rose v. Lundy, 455 U.S. 509 (1982). Johnson may exhaust claims (1)(a), (1)(c), (2), and (5) by presenting them in another application for post-conviction relief in the appropriate state circuit court and petitioning the Supreme Court of South Carolina for review of any adverse decision.
 
 
 3
 Accordingly, we grant a certificate of probable cause to appeal and, pursuant to 28 U.S.C. Sec. 2106, modify the district court's judgment to show that the petition is dismissed without prejudice. As modified, we affirm the dismissal of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED AS MODIFIED.
 
 
 
 *
 In his brief filed in response to the state's motion for summary judgment, Johnson appears to allege three additional federal claims. Those claims concern alleged trial court error in (1) instructing the jury on malice, (2) overruling defense counsel's objections to prosecution questioning concerning prior criminal misconduct, and (3) failing to instruct the jury on Johnson's "accidental killing" theory of defense. Of these three "new" claims only (1) and (2) have been exhausted. From our review of the record it appears that claim (3), concerning the accidental killing instruction, has never been presented to the state courts
 Although Johnson presented claim (5), concerning the excessive sentence, in his application for post-conviction relief, he never appealed the denial of the claim to the Supreme Court of South Carolina.